Louis **TWITCHELL,** Virginia **Twitchell,** Ralph **L. Bates,** Helen **R. Bates,** R. V. Greeves, Geraldine Greeves, H. N. Friday, Alberta Friday, Gene A. Christensen, Rosemarie Christensen, George Twitchell, Bernice Twitchell, Shirley Enos, Frank Enos, Daisy St. Clair, Herman St. Clair, Ada McDonell, Gus McDonell, and Curtis Burgess, In their respective capacity as a class on behalf of all patrons and taxpayers of School District #21, Fremont County, Wyoming, and on behalf of said School District, Appellants (Plaintiffs below),

v.

Arnold **BOWMAN,** Appellee (Defendant below),

and

School District #21, Fremont County, Wyoming (Defendant below).[1]

No. 3661.

Supreme Court of Wyoming.

May 10, 1968.

F. M. Andrews, Jr., Riverton, for appellants.

Daniel P. Svilar, of Boyer & Svilar, Lander, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Certain taxpayers and patrons in School District No. 21, Fremont County, as plaintiffs, filed a complaint and later an amended complaint, in which School District No. 21 was joined as a defendant, seeking by

---

1. The title of the judgment improperly read, "LOUIS TWITCHEL, et al, Plaintiffs, vs. ARNOLD BOWMAN, et al., Defendants," failing to list *all* parties as is requisite.

class action to recover $12,284.04 from defendant Bowman by reason of his having been wrongfully paid that amount through a so-called "purchasing" of the remaining portion of his contract of employment as Superintendent of Schools, District No. 21.

The amended complaint referred to the character of the suit as a class action, stated existence of defendant Bowman's contract for the school year commencing in September 1967 and ending in 1968, the termination of the contract by its "purchase" for some $12,000 by board members Haukaas and Davis on behalf of the district, and alleged that said purchase was wrongful because (a) it was the act of individuals and not the duly constituted action of the board, (b) it was in excess of any sums due and payable under the contract, (c) the payment constituted an unlawful and unjust enrichment of the defendant Bowman at the expense of the district and its patrons and taxpayers, and (d) the draft was unlawfully drawn. There was also allegation of proper demands and conditions precedent to the maintenance of the suit having been made.

Defendant Bowman filed a motion to dismiss the complaint on several grounds, the pertinent one here urged being failure to state a claim against defendant Bowman upon which relief could be granted, it being alleged that there was nothing unlawful about the "purchase" of the contract and that according to the attached affidavit of Davis, clerk of the board, the purchase was agreed on at the June 12, 1967, meeting of the board. In part the affidavit read:

"2. That he [Davis] has in his possession the minutes of the special and regular meetings of * * * [the] Board of Trustees;

"3. That the Board of Trustees of School District No. 21 entered into a written contract on or about February 14, 1966, with Arnold Bowman, by the terms of which, the School District engaged the services of Arnold Bowman as Superintendent of the Fort Washakie School, for a term from July 1, 1966 to July 1, 1968;

"4. That at a regular meeting of the Board of Trustees of School District No. 21 held at the regular meeting place, all members of said Board including Mrs. Vida Haukaas, Mr. Louis Twitchell and myself were present; that the following is an excerpt of the minutes of said meeting:

'The resignation of Superintendent Arnold Bowman was read. Mr. Harold Davis moved that the resignation be accepted. Mrs. Vida Haukaas relinquished the chair and seconded the motion. Motion carried.'

"5. That at no time has any person including those people listed as plaintiffs * * * asked me individually or appeared before the Board * * * to use any means whatsoever to collect the money back from Mr. Bowman which was paid for the balance of his contract."

The board traversed the motion to dismiss, submitting plaintiff Louis Twitchell's affidavit, which stated, inter alia, that at the time in issue he was treasurer of the district, that on May 27, 1967, he was handed drafts on the school district payable to defendant Bowman in excess of $10,000, which drafts were signed by Davis and presented for the signature of Twitchell who refused to execute such drafts as being an unlawful appropriation of public funds, that on June 2, 1967, a special meeting of the board was held with no notice having been given Twitchell and at the said meeting members Davis and Haukaas, purporting to act as the board of trustees, issued warrants on the school district funds to defendant Bowman in excess of $10,000, that said warrants were never signed by nor presented to him for countersignature as treasurer, and that at a regular meeting of the board on June 12, 1967, he was informed of the previous action of members Haukaas and Davis at which time a resolution was presented in the form of a motion to accept the resignation of Bowman.

The defendant school board filed an answer admitting the allegations of the complaint and also filed a cross complaint, the first count of which contained allegations

substantially similar to those of the complaint. The second count realleged these by reference, asserted that defendant Bowman had intimidated, threatened, and frightened board members Haukaas and Davis and by virtue of said threats had coerced, defrauded, and forced them to issue the illegal warrants in consideration of his resignation, and sought damages in the sum of $50,000.

Defendant Bowman's motion to dismiss was argued before the trial court, who treated it as one for summary judgment, as provided in Rule 12(b), W.R.C.P. The court thereafter wrote counsel, saying that plaintiffs' argument had been made almost entirely as to the facts and law determinative of the legality of what certain officials of the district had done, the response being that the only legal theory on which recovery could be had was unjust enrichment, the basic requirements of which were not present in the case, and that:

" * * * [the court had] researched the general law of unjust enrichment, which incidentally has been cited in the complaint but not developed by counsel in argument. It appears that, among other things, it must clearly be inequitable for defendant to retain the benefit involved. Further, the general maxims of equity apply, including the one which requires him who seeks equity to do equity and denies relief if the doing of equity by a plaintiff is not possible.

" * * * these latter considerations are controlling in this case. The facts are virtually agreed on by counsel. Apparently there was consideration on each side, and * * * the Court could not say that it is inequitable or unconscionable for Bowman to retain the money he has been paid. * * *"

Subsequently summary judgment was entered finding that defendant Bowman was not unjustly enriched by the termination of

his contract since there was consideration passing from him to the school district, that there was no question of a material fact for decision, and that defendant Bowman was entitled to summary judgment as a matter of law against plaintiffs and the defendant school district on its cross complaint. Plaintiffs have appealed.

From the circumstances reflected by the record, it would seem that the court entirely discounted the contentions of plaintiffs, which we consider to be the crux of the case, i. e., that the meeting of June 2 was invalid and that the actions of the two members at the June 12 meeting in accepting the resignation was not a ratification of former payments.

Although defendant Bowman analyzes each paragraph of plaintiffs' complaint and asserts that no paragraph states a claim against the defendant, we are unconvinced. The allegations of the complaint inform the court that moneys of the district were paid out at the instance of two board members acting improperly and without authorization of the board at any regular meeting. It is implicit in the interpretation of the statutes relating to the powers and duties of school boards, namely § 21–124 ff., W.S.1957, that such powers can be exercised only at a meeting of the board regularly convened, and there was nothing before the trial court to indicate that the issuance of the checks originated in a legal meeting.[2] Notwithstanding the argument of defendant Bowman to the contrary, the affidavit of Davis did not deal with any ratification of the purchase of Bowman's contract, but merely showed that at the June 12 meeting his resignation was accepted.

It is well settled that a municipal corporation cannot be bound by a contract made by its officers if they had no authority to enter such contract, and a party who contracts with such corporation is bound to

2. Since there was no contention that the expending of funds was for a purpose entirely outside the powers of the school district, we give no consideration to

whether or not a teacher's contract can be purchased, although there could well be grave doubt about the matter.

know this at his peril. 38 Am.Jur., Municipal Corporations § 507. In Tobin v. Town Council of Town of City of Sundance, 45 Wyo. 219, 17 P.2d 666, 669, 84 A.L.R. 902, where the proof showed that the contract relied on was let by the council without compliance with the statutes concerning advertising, this court held the general rule to be that if a contract is within the corporate power of the municipality but is entered without observing certain mandatory legal requirements regulating the method in which it is to be exercised there can be no recovery, and this despite the fact that under the contract certain work had been done on the streets, the town accepting it and using the benefits thereof. We hold there to be an apt analogy between that case and the present litigation since here although the statute does not by mandate require the district to act through its board legally convened there is no authority to bind the district otherwise. It might further be noted that in the Tobin case there had been part-payment made by the municipality and the city's counterclaim for return of that money was denied. However, this court said, 17 P.2d at 678, that where such a payment is "infected by haste in disbursement, willful evasion of the law, fraud, collusion, concealment, or elements which disclose violation of principles of public policy, money thus paid  *  *  * might and should be recovered."

In the instant case the two members of the board stood in fiduciary capacity to the taxpayers and even should it be conceded arguendo that defendant Bowman was not unjustly enriched by the "purchasing" of his contract, if the pleadings and affidavit of plaintiffs are taken as true, the taxpayers may be able to recover the moneys paid. An issue of fact was therefore presented by the claim as amplified by the affidavits. This circumstance made it improper that the case be disposed of by a summary judgment. Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.