251 So.2d 51 (1971)
GURTLER, HEBERT & COMPANY, Inc.
v.
ORLEANS PARISH SCHOOL BOARD.
No. 4707.
Court of Appeal of Louisiana, Fourth Circuit.
July 15, 1971.
Reuter, Reuter & Schott, Patrick M. Schott, New Orleans, for plaintiff-appellee.
*52 Polack, Rosenberg & Rittenberg, Samuel I. Rosenberg, New Orleans, for defendant-appellant.
Before REDMANN, GULOTTA, and JOHN C. BOUTALL, JJ.
GULOTTA, Judge.
This is a summary proceeding instituted by the Orleans Parish School Board for the purpose of determining whether certain proposed action by the Board would be in violation of a preliminary injunction issued on March 14, 1969, which still remains in force and effect.
Named as defendant in this proceeding is Gurtler, Hebert and Company, Inc., the party litigant which caused the injunction to issue. From a judgment adverse to the Orleans Parish School Board, the instant appeal has been taken.
The facts giving rise to the present litigation date back over a period of approximately three years. In the latter months of 1968 the Orleans Parish School Board, hereinafter referred to as the Board, received public bids for the construction and installation of certain prefabricated incinerator units pursuant to the specifications outlined in Board Proposal 1757. Under this proposal, bids were received from general contractors on the work which included the laying of concrete slabs, running of utilities to these slabs, and the furnishing and installation of the incinerators.
On January 31, 1969, the bids were opened and Gurtler, Hebert & Company, Inc., hereinafter referred to as Gurtler, Hebert, was found to be the low bidder, having quoted a price of $114,793. However, the Board voted to pass over Gurtler, Hebert's bid at its meeting of February 24, 1969, for the reason that it was not the lowest "responsible" bidder and instead accepted the bid of the second lowest bidder, Sargent Gulf States, Division of J. W. Leavesley and Sons, which quoted a price of $121,275 for the work advertised. Upon being notified of the Board's action, Gurtler, Hebert instituted suit against the Board praying that the Board be enjoined from entering into a contract with Sargent Gulf States for the performance of the work called for in Board Proposal 1757 and that the Board be ordered to enter into a contract for the performance of such work with Gurtler, Hebert for the price submitted in its bid.
The rule for preliminary injunction was heard by the trial court on March 4, 1969, and judgment was rendered on March 14, 1969, in favor of Gurtler, Hebert and against the Board "restraining and enjoining the defendants from entering into a contract or awarding a contract for the performance of the work called for in Orleans Parish School Board's Proposal No. 1757 dated October 15, 1968, other than to the lowest bidder as indicated by the bids submitted on the proposal." In his reasons for judgment the trial judge found that Gurtler, Hebert was the lowest responsible bidder within the terms of LSA-R.S. 38:2211 and that the Board's rejection of the Gurtler, Hebert bid was arbitrary. No appeal was taken from this judgment. Neither has this injunction been subsequently modified nor questioned, as the matter has never been tried on the merits of the injunction.
Subsequent to the entry of the judgment of preliminary injunction, the Board held a meeting on April 7, 1969, at which time it voted to reject all bids submitted under Proposal 1757 and to readvertise for the performance of the work. The work readvertised would be substantially the same work specified in Proposal 1757. However, the Board proposed to break down the work into two proposalsone, Proposal 1944, for the laying of the slab and running of utilities thereto, and the other for the furnishing and installation of the incineratorsin order to take separate bids on these phases of the work. Additional schools were also to be included in the new bids; however, other minor changes were included which could have been effected by change orders in the course of construction *53 without the necessity of readvertising for new bids.
The announced reason for wanting to so divide the work was that the Board felt it would stimulate more competitive bidding than had been received under the previous proposal.
Since the aforementioned preliminary injunction was still in force and effect the Board instituted the present proceeding against Gurtler, Hebert which is a rule to show cause why the Board should not be authorized "to advertise for competitive bids on the work contained in its Proposal No. 1944; and, why its so doing would be in violation of the injunction issued by this Court in this matter on the 14th day of March, 1969." After a hearing plaintiff's rule was dismissed.
In the instant matter we are called upon to answer essentially two questions:
1) Once having accepted the bid of Sargent Gulf States, did the Board have the right to reject at a later date all bids received under Proposal 1757?
2) If the Board did not have such a right and if the work the Board wants to readvertise is substantially the same as that specified in Proposal 1757, may the Board readvertise and contract with a company bidding under the new proposals without violating the preliminary injunction of March 14, 1969?
LSA-R.S. 38:2212 provides as follows:
"The governing authority desiring to let a contract for the purchase of materials or supplies, or for the construction of public works, shall, in its resolution providing for the contract or purchase and for the advertisement for bids, designate the time and place that the bids will be opened and the contract let; and shall at the place and time specified open the bids and let the contract. The governing authority may reject any and all bids." We note that under the terms of R.S. 38:2212, the public body may reject all bids at its discretion. However, we are of the opinion that a public body has this option only prior to the time that it accepts one of the bids it has received. Once the Board accepted Sargent Gulf's bid it waived its right to reject any and all other bids. In the case at bar the Board did not choose to reject all bids but rather accepted the bid of, in its opinion, the lowest "responsible" bidder which was Sargent Gulf, although Gurtler, Hebert was in fact the lowest bidder.
The jurisprudence in this area is scarce; however, McQuillian on Municipal Corporations which is a leading treatise on the subject states:
"In exercising the power to reject any or all bids, and proceeding anew with the awarding of the contract, the officers cannot act arbitrarily or capriciously, but observe good faith and accord to all bidders just consideration, thus avoiding favoritism, abuse of discretion, or corruption. Even where the right to reject any and all bids is properly reserved, the bidding law may not be evaded under color of rejection. Although the Courts generally will not disturb an honest exercise of discretion, it has been said that they will intervene to prevent the arbitrary rejection of a bid when its effect is to defeat the object to be attained by competition." McQuillian, Municipal Corporations, Vol. 10, Sec. 29.77, pgs. 438 to 439.
It was the finding of the trial court that the Board had in fact abused its discretion and acted arbitrarily in rejecting the bid of Gurtler, Hebert who was found to be a "responsible" bidder. This finding is conclusive since it was never appealed. While there is no indication of fraud on behalf of the Board, to allow the Board to readvertise under the present facts would, we feel, sanction arbitrary rejection and hence have *54 the effect of opening the door to the possibility of favoritism in future public bidding.
In Sternberg v. Board of Com'rs of Tangipahoa Drainage Dist. No. 1, 159 La. 360, 105 So. 372 (1925), the court said that it was the mandatory duty of a public board to award the contract to the lowest responsible bidder and the only possible alternative under the statute which is available to the board is to reject any and all bids and to readvertise for same. The language of Sternberg indicates that once the public board chooses to award the bid to the lowest responsible bidder, it cannot then reject all bids and readvertise. The Court said: "Notwithstanding the right to reject, the bid must be awarded in competition to the lowest possible bidder, if awarded at all." Sternberg, supra, at 373. Having taken the option to accept, we find that the Board cannot now choose to reject all bids under the statute.
The Board contends that the broad discretion reposed in it under R.S. 38:2212 permits it to reject all bids and to readvertise. It relies on Bartley Incorporated v. Town of Westlake, 237 La. 413, 111 So.2d 328 (1959). In that case the Board accepted the bid of the apparent lowest responsible bidder. It was subsequently determined that the bidder was not responsible in that was an "illegal" bidder, and the court was faced with the question of whether the Board could be forced to accept the next lowest responsible bid or whether the Board could readvertise. The court concluded that the Board could not be forced to accept the bid in the greater amount and that acceptance of the bid or rejection of all bids and readvertisement was within the sound discretion of the Board.
The broad discretion provided the governing body of a public corporation by LSA-R.S. 38:2212 is to protect the public's interest in receiving quality performance under a contract for the lowest possible price. Since the purpose of protecting the public is the primary consideration, it is apparent that this purpose would be thwarted were the corporate body in this instance to be forced to accept a higher bid than it originally anticipated or could afford.
The present situation is distinguishable from that in Bartley, supra. In our case, upon the court finding the lowest bidder to be responsible and thus able to produce quality work, and the School Board having abused its discretion in finding otherwise, the Board is compelled to award the contract to that bidder if it proceeds with the construction as proposed.
Since the work which the Board intends to readvertise is substantially the same as that provided for in Proposal 1757, we are of the opinion that the Board would be in violation of the injunction issued by the court on March 14, 1959, if it does so readvertise.
Therefore under the precise wording of the injunction which restrained the Board from contracting "for the performance of the work called for in Orleans Parish School Board's Proposal 1757 * * * other than to the lowest bidder as indicated by the bids submitted on the proposal", any readvertisement for substantially the same work with the thought of contracting with one other than the low bidder under Proposal 1757 is a violation of that judgment. This is not to say, however, that the Board can be forced to go ahead with the contract, but rather if it does contract to do substantially the same work as outlined in Proposal 1757, since Gurtler, Hebert is the lowest responsible bidder, the Board must award the contract to Gurtler, Hebert.
For the foregoing reasons the judgment of the lower court is affirmed.
Affirmed.