Harvey W. KURZ, Appellant
(Plaintiff below),

v.

CITY OF SHERIDAN, a Municipal Corporation, Appellee (Defendant below).

No. 3979.

Supreme Court of Wyoming.

Oct. 15, 1971.

Bruce P. Badley and Bert Ahlstrom, Jr., Sheridan, for appellant.

Harry F. Schwartz, City Atty., Sheridan, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

PER CURIAM.

After Harvey Kurz, city manager for the City of Sheridan, was discharged by the city council, he submitted a claim to the city for vacation pay for 32 days in the amount of $1,100. He also submitted a claim for severance pay for one month in the amount of $1,100. The city allowed accrued vacation pay for 14 days and paid Kurz $550. It rejected the additional claims.

Thereupon Kurz sued in the district court for Sheridan County. Both sides moved for summary judgment and the court granted the motion of the city, allowing Kurz nothing except the $550 already paid. He has appealed.

According to Kurz's claim, he was serving as city clerk-treasurer at a salary of $7,600 when he was promoted to city manager at a salary of $12,000. This was at the request of Mayor N. A. Nelson, Sr., and Acting City Manager Walter Harker. Acquiescence of the council can be implied because Kurz was permitted to serve and during his tenure his salary was increased.

Quite another matter is Kurz's assertion that he was promised by Nelson and Harker that "he would not forfeit either his accrued vacation pay or sick leave benefits." For purposes of our decision we will assume Nelson and Harker, by affidavits and

a deposition, have corroborated the claim of such a promise. There is no evidence or indication whatever that the city council or any member thereof, other than Nelson and Harker, knew of or acquiesced in any promise or agreement pertaining to vacation pay or sick leave benefits.

■ We consider it axiomatic that there can be no obligation on the part of the city without a mutual contract, express or implied, unless there is a statute or ordinance imposing such an obligation. There is no showing of the availability of evidence from which it can be inferred the council contracted with Kurz concerning vacation pay and sick benefits.

Section 15.1–226(a), W.S.1957, C.1965, controls in matters pertaining to the appointment and compensation of a city manager for a city like Sheridan. It provides:

> "The governing body shall, as soon as possible after the first election, employ a city manager and a city attorney; and fix their salaries. The city manager shall receive no other or additional salary for the performance of any of the duties required of him as city manager. The city manager is an employee and serves at the pleasure of the governing body. His salary may be changed from year to year, and he may be discharged and his employment terminated at any time by a majority vote of the governing body."

■ There is nothing in this section to support appellant's claim. It makes no provision for severance pay or pay in lieu of vacation.

Showings made to the district court reflect no city ordinance pertaining to the granting of severance pay or pay in lieu of vacation for a city manager. For permanent full-time employees (not including council appointees) provision is made for payment of a salary equivalent to the accrued annual leave, when employment is terminated. It is expressly stated, however, that the accrual of annual leave shall be limited to 14 days.

It is not clear that Kurz was entitled to the allowance of accrued annual leave for the maximum of 14 days, but he was nevertheless allowed such and paid for that amount of accrued leave. This may have been considered to be the maximum annual leave accrued in connection with his employment as clerk-treasurer, which would have been in accordance with the promise of Nelson and Harker. We would have no basis for saying Kurz should have been paid more.

The only criterion on which appellant claims severance pay benefits is that such allowance had been made to certain other employees. It appears from the evidence submitted that this was probably done only when the council wished to obtain the resignation of an employee and offered the employee a certain amount of severance pay in consideration of his resignation. We are not called upon to approve or condemn such a practice. It is sufficient to say it certainly does not constitute any legal basis for Kurz to claim severance pay which is not provided for by law.

Affirmed.