CHEYENNE DODGE, INC., a Delaware Corporation, now known as Ray Snow, Inc., Appellant (Defendant),

v.

REYNOLDS AND REYNOLDS COMPANY, an Ohio Corporation, Appellee (Plaintiff).

No. 5264.

Supreme Court of Wyoming.

July 11, 1980.

Blair J. Trautwein of Hathaway, Speight & Kunz, Cheyenne, for appellant (defendant).

David F. Evans of Horiskey, Bagley & Hickey, Cheyenne, Paul J. Hickey, Cheyenne, for appellee (plaintiff).

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and SPANGLER, D. J.

SPANGLER, District Judge.

The trial court entered judgment in favor of the appellee-plaintiff, Reynolds and Reynolds Company, hereafter called "Reynolds," and against the appellant-defendant, Cheyenne Dodge, Inc., hereafter called "Cheyenne Dodge," in the sum of $36,259.90 due on a contract for sale of a VIM III computer from Reynolds to Cheyenne Dodge. Cheyenne Dodge states the following issues on appeal:

1. Whether the May 5, 1978 agreement between Reynolds and Reynolds and Cheyenne Dodge, Inc. was contingent upon financing?

2. Whether plaintiff, Reynolds and Reynolds, has either waived or is estopped from claiming any alleged breach of this contract by Cheyenne Dodge, Inc.?

We will answer both questions in the negative and affirm the judgment of the trial court.

## STATEMENT OF THE FACTS

The essential facts are not in dispute. On May 5, 1978, the parties executed a document entitled "VIM III Sales Agreement." It provided, in part, as follows:

"1) REYNOLDS shall furnish, and CUSTOMER shall accept, the Equipment, Applications Software and related services contracted for by CUSTOMER as set forth in this Agreement.

"2) CUSTOMER hereby agrees to purchase the equipment and services designated in the Agreement, and to pay the purchase price and all applicable fees and charges therefor, as set forth therein."

The document contained the following clause, preceded by a box marked in ink with an "X":

"Customer shall arrange for the purchase of the items set forth in paragraphs A and B above by Mutual Leasing [written in] ("Lessor") pursuant to REYNOLDS' standard form Third part Lessor Agreement, which items shall then be leased to CUSTOMER subject to all of the terms and conditions hereof."

The Agreement then recited monthly charges for "APPLICATION SUPPORT SERVICE" and "EQUIPMENT MAINTENANCE," then stated, "TERM OF THIS AGREEMENT IS 84 MONTHS." The first page concluded with this language:

"COMMITMENT FEE: Check in the amount of $2500 payable to REYNOLDS AND REYNOLDS must be attached. Fee is not refundable but will be applied to initial payment."

This was followed by three pages of detailed terms including the following: Section 7(C) provided that Reynolds' liability for the equipment did not include insurable hazards. Section 12 stated that Reynolds would promptly furnish Cheyenne Dodge with an estimated delivery date for the equipment. Section 13(B) recited that to secure performance of Cheyenne Dodge's obligation to pay the purchase price for the system, Cheyenne Dodge granted Reynolds a security interest in the equipment.

On May 12, 1978, Cheyenne Dodge applied to Mutual Leasing and Associates, Inc. (Mutual Leasing) for financing on a form providing that the $2500 commitment fee was refundable if the application was not accepted by Mutual Leasing.

The equipment was delivered to Cheyenne Dodge on or about July 13, 1978. On October 6, 1978, Mutual Leasing rejected

Cheyenne Dodge's application for financing. At the same time, Cheyenne Dodge was negotiating to sell its assets to a third party. Later that month, Cheyenne Dodge was advised that the purchaser of its assets would not take the VIM III computer but was purchasing a newer, less expensive model from Reynolds.

### CONDITIONS PRECEDENT

Cheyenne Dodge argues that the Agreement was conditional upon Mutual Leasing providing financing. The trial court found that the clause was not a condition precedent but a method of financing chosen by Cheyenne Dodge. We agree.

■ Conditions precedent are not favored and will not be read into a contract by implication. *Lewis v. Roper*, Wyo., 579 P.2d 434 (1978). 17 Am.Jur.2d Contracts § 321.

■ If there is a debt in existence and payment is merely postponed until the happening of an event which does not happen, the law requires payment to be made within a reasonable time. *Pegg v. Olson*, 31 Wyo. 96, 223 P. 223 (1924). *Engle v. First National Bank of Chugwater*, Wyo., 590 P.2d 826 (1979).

■ In *Pegg v. Olson*, the Peggs agreed to sell land to Olson for a down payment with the balance to be paid as soon as Olson "can get a loan through from the government . . . ." It was held that the clause did not create a condition precedent. THe court emphasized that the buyer had taken possession and assumed liability for the loss. Similarly, Cheyenne Dodge took possession, assumed liability for any loss due to insurable hazards, and granted Reynolds a security interest in the equipment.

The Agreement does not say that the contract is void if Mutual Leasing does not provide financing. There is no provision for Cheyenne Dodge to return the computer in that event. It is unreasonable to think that Cheyenne Dodge could keep the goods without paying for them. A condition precedent will not be implied when it might

have been provided for by express agreement. *Lewis v. Roper*, supra.

Cheyenne Dodge further argues that the contingent nature of the transaction is supported by the clause stating, "TERM OF THIS AGREEMENT IS 84 MONTHS." The Agreement clearly contains two elements, one for sale of the computer and the other for "Software" equipment and maintenance. A separate monthly charge was assessed for the latter. The trial court found, and we agree, that the 84-month clause applies to the software and services, not to the computer.

■ Cheyenne Dodge asserts that the subsequent lease application to Mutual Leasing provides that the $2500 commitment fee is to be refunded to Cheyenne Dodge if the application is rejected, therefore indicating the conditional nature of the transaction. The lease application was between Cheyenne Dodge and Mutual Leasing, not Cheyenne Dodge and Reynolds. The trial court found that it was signed only by Cheyenne Dodge, not by Reynolds. Therefore, it cannot alter the terms of the earlier sales Agreement.

### ESTOPPEL

■ Cheyenne Dodge asserts that Reynolds is estopped from claiming a breach of the sales Agreement by virtue of selling a lower priced computer to the purchaser of Cheyenne Dodge's assets. The elements of equitable estoppel are that the party asserting estoppel must show that he (1) lacks knowledge of facts, (2) is without means of discovering them, (3) relies upon actions of the party sought to be charged, and (4) changed position accompanying such reliance. *Wood v. Trenchard*, Wyo., 550 P.2d 490 (1976).

The record does not indicate the presence of these essential elements nor does Cheyenne Dodge present a cogent theory in support of applying the doctrine of estoppel in this case. Instead, there is a confusion of this argument with a contention that a later offer from Reynolds to finance the computer purchase was not sufficient to

satisfy the alleged condition precedent. The two issues are distinct. We do not find any basis upon which to rest an assertion of equitable estoppel. As we have decided that there was no condition precedent in the contract, we do not find it necessary to discuss the adequacy of Reynolds' later offer to finance the purchase.

The judgment of the trial court is affirmed.