Lura M. NELSON, Appellant (Plaintiff),

v.

Robert L. NELSON, Appellee
(Defendant).

No. 87–92.

Supreme Court of Wyoming.

Aug. 12, 1987.

Harold F. Buck of Kline, Buck & Asay, Cheyenne, for appellant.

Richard Wolf, Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

The district court denied Lura M. Nelson's request that her former husband, Robert L. Nelson, be required to reimburse her for a tax assessment under the terms of their divorce decree.

We reverse.

During their marriage, the Nelsons took investment tax credits in 1980, 1982, and 1983 on three pieces of realty they owned at the time of their divorce in January of 1985. The property settlement approved by the court provided that:

"The husband agrees to indemnify and hold the wife harmless from any and all claims, debts, liabilities or charges of any sort known or unknown which may be brought against any or all of the above referenced real property, partnership interest, sole proprietorship interests or assets of any sort which have been set over to the wife * * *."

It also provided that the wife would be responsible for her own debts after September 28, 1984. The Internal Revenue Service issued a levy against the wife's bank account on March 27, 1986, for one-half of the parties' tax liability arising from the disallowance of the investment tax credits. The wife then moved the district court to require the husband to reimburse

her for the tax assessment. The district court denied the motion, finding that the agreement was silent as to the tax liability and that, because the assessment was made after September 28, 1984, each party would be responsible for his own assessment.

 If an agreement is in writing and the language is clear and unambiguous, the intention is to be secured from the words of the agreement. *Wolff v. Belco Development Corporation*, Wyo., 736 P.2d 730 (1987); *Arnold v. Mountain West Farm Bureau Mutual Insurance Company, Inc.*, Wyo., 707 P.2d 161 (1985). Also, it is well recognized that, if the terms are clear, it falls within the province of the court to construe the instrument as a matter of law. *Wangler v. Federer*, Wyo., 714 P.2d 1209 (1986). It is only when the agreement is ambiguous that resort to extrinsic evidence is warranted. *Hensley v. Williams*, Wyo., 726 P.2d 90 (1986); *State v. Moncrief*, Wyo., 720 P.2d 470 (1986).

Because the property agreement is clear, there is no need to resort to previous draft agreements to ascertain the intent of the parties. The settlement agreement plainly provides that the husband will hold the wife harmless from "all * * * debts [and] liabilities * * * of any sort * * which may be brought against any * * * real property * * * set over to the wife" arising before September 28, 1984. Although the Internal Revenue Service chose to attach the wife's checking account, it might have proceeded against the specific real property set over to her. 26 U.S.C. § 6321 (1982). Thus, the claim for the tax deficiency, which "may" have been brought against the realty, is covered by the agreement. It is well established that a tax liability arises when the tax is due, not when it is eventually assessed or collected. *Pan American Van Lines v. United States*, 607 F.2d 1299 (9th Cir.1979); *United States v. Thomassen*, 610 F.Supp. 386 (D.C.Neb.1985). See also 26 U.S.C. § 6151(a) (1982). Thus, it is clear that the liability for the tax assessment covering deficiencies for 1980, 1982, and 1983 arose prior to September 28, 1984, even though

the assessment was not made until May of 1985.

The district court erred in finding that the property settlement agreement did not require the husband to reimburse the wife for the tax deficiency which she paid.

Reversed.