**MAD RIVER BOAT TRIPS, INC.,**
Appellant (Defendant),

v.

**JACKSON HOLE WHITEWATER, INC.,**
Appellee (Plaintiff).

No. 89–268.

Supreme Court of Wyoming.

Dec. 21, 1990.

Lawrence B. Hartnett, Jackson, for appellant.

William R. Fix, Jackson, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

MACY, Justice.

Appellant Mad River Boat Trips, Inc. appeals from the district court's decision declaring that Appellant had a contractual obligation to sell to Appellee Jackson Hole Whitewater, Inc. two special use permits issued by the United States Department of Agriculture—Forest Service. The court ordered Appellant to deliver the use permits

to Appellee and to pay Appellee damages for breach of the contract.

We reverse and remand.

Appellant presents the following issues:

1. The trial court erred as a matter of law in its construction and interpretation of the May 26, 1989 contract between the parties in the following respects:

a. The trial court erred by failing to construe the intention of the parties with respect to the purpose of the specific provisions of the Contract at issue in the action below.

b. The trial court erred as a matter of law in finding that the consent of the U.S. Forest Service to the Assignment in Trust required by Article 6.01(a) of the Contract was not a condition precedent to the obligation of the Appellant to perform under the terms of the Contract and by severing Article 6.01 from the contract in accordance with the provisions of Article 8.09.

c. The trial court erred as a matter of law in failing to give meaning and legal effect to the specific language contained in Article 4.03 of the contract which provided the Appellant the right to terminate the contract, and entering judgment finding the Appellant had validly terminated the Contract.

At the time this dispute arose, Appellant conducted whitewater raft trips on the Snake River. It maintained a right to use its rafts on the river in the Bridger–Teton National Forest via Forest Service special use permits. The number of such permits issued was limited by a moratorium, and their issuance was subject to the discretion of the Forest Service. On May 26, 1989, the parties entered into a sales contract stating that Appellant would sell two rafts and two special use permits to Appellee in return for Appellee's payment of $5,000 on the date the agreement was executed, $10,000 on the date of closing, and $60,000 plus interest to be paid in four equal installments. Due to the financing arrangement, Appellant wanted the Forest Service to consent to an assignment of trust, which would require the Forest Service to trans-

fer the special use permits back to Appellant if Appellee defaulted in its obligation to pay its indebtedness. The contract referred to an assignment in trust in the following provision:

As security for the purchase price and all other sums due from Buyer to Seller by this Agreement, Buyer agrees to execute an Assignment in Trust to Seller in the form attached hereto as Exhibit B and incorporated herein by reference, and *the parties shall obtain consent of the U.S. Forest Service to said Assignment in Trust,* as provided on said Exhibit B, said Assignment in Trust to be delivered to and held by the [Forest Service] until this Agreement is fully performed by Buyer.

(Emphasis added.) That provision was not contained in the section of the contract labeled "Condition Precedent." The Forest Service refused to consent to an assignment in trust because it would undermine the Forest Service's discretion to issue the permits. As a result, Appellant informed Appellee that it could not close on the sale without the Forest Service's consent to an assignment in trust and that it would return the $15,000 when Appellee returned the two rafts.

In response, Appellee filed a complaint seeking specific performance of the contract; a temporary restraining order and preliminary injunction, both of which would compel Appellant to tender the permits to Appellee; and damages for breach of contract. The district court issued an order continuing the proceedings with regard to the application for a temporary restraining order and set a hearing date for the preliminary injunction application. After the parties presented evidence and arguments at the hearing, the district court denied Appellee's request for a preliminary injunction. The court also ruled that the contract was unambiguous and that the dispute could be resolved without the analysis of additional extrinsic evidence.

The parties submitted memoranda addressing the merits of the dispute, and the district court ruled in favor of Appellee. The court ordered Appellant to specifically

perform its obligations under the contract and set a date for a hearing on the issue of damages. In its written judgment, the court reiterated that the contract was unambiguous and held that, contrary to Appellant's contention, the Forest Service's consent to an assignment in trust was not a condition precedent to Appellant's obligation to deliver the special use permits to Appellee. The court also concluded that, because the Forest Service would not consent to an assignment in trust, the provision of the contract which required the execution of an assignment in trust was invalid and unenforceable and that, therefore, it was severable under the contract's severability provision.

The district court held a hearing on the issue of damages and ordered Appellant to pay to Appellee $8,402.07 for the net loss of profits from float trip operations, $1,573.33 for the net loss of retail sales, $13,515.60 for attorney's fees, $386.31 for the cost of bringing the suit, and post-judgment interest. This appeal followed.

To resolve the issues raised, we must apply our well established rules of contract interpretation:

The determination of the parties' intent is our prime focus in construing or interpreting a contract. "If an agreement is in writing and the language is clear and unambiguous, the intention is to be secured from the words of the agreement." *Nelson v. Nelson,* 740 P.2d 939, 940 (Wyo.1987). When the language is clear and unambiguous, the writing as a whole should be considered, taking into account relationships between various parts. Contract construction and interpretation are done by the court as a matter of law.

*True Oil Company v. Sinclair Oil Corporation,* 771 P.2d 781, 790 (Wyo.1989) (citations omitted). *See also St. Paul Fire and Marine Insurance Co. v. Albany County School District No. 1,* 763 P.2d 1255 (Wyo. 1988). We also attempt "to give each provision meaning in light of the parties' purpose and intent." *State v. Moncrief,* 720 P.2d 470, 474 (Wyo.1986).

■ Appellant contends that the Forest Service's consent to an assignment in trust

was a condition precedent to Appellant's obligation to perform under the terms of the contract. Appellant argues that, since the Forest Service refused to consent to an assignment in trust, Appellant did not have a duty to transfer the special use permits to Appellee. A condition precedent is defined as " 'an act or event, other than a lapse of time, which must exist or occur before a duty of immediate performance of a promise arises.' " *Robert W. Anderson Housewrecking and Excavating, Inc. v. Board of Trustees, School District No. 25, Fremont County, Wyoming,* 681 P.2d 1326, 1331 (Wyo.1984) (quoting Calamari & Perillo, *The Law of Contracts* § 11–3 (1977)).

■ We agree with Appellant and hold the requirement that the parties obtain the Forest Service's consent to an assignment in trust was an event which must have occurred before Appellant had an obligation to effectuate the transfer of the special use permits. The language of the provision dictating that the parties execute an assignment in trust and obtain the Forest Service's consent to such a security arrangement is clear and mandatory. In addition, the language of the contract's default provisions indicates that the parties' intent and purpose was to secure the transaction by creating an assignment in trust. The contract also states that, upon Appellee's payment of the principal, Appellant shall execute a release of an assignment in trust. Reading those provisions together, we conclude that the parties intended for the transfer of the permits to be contingent upon the Forest Service's consent to an assignment in trust.

■ Appellee asserts that the district court was correct when it determined the contract's severability clause nullified the requirement that the contract be secured by an assignment in trust. The severability clause provided:

In the event any one or more of the provisions contained in this Agreement or in any other instrument referred to herein shall, for any reason, be held to be invalid, illegal, or unenforceable, such illegality, invalidity or unenforceability

shall not affect any other provision of this Agreement.

Appellee's position is premised on the district court's determination that the consent requirement was invalid and unenforceable. In its written judgment, the district court simply stated that the consent requirement was not a condition precedent or condition subsequent and that, therefore, "the Assignment in Trust, being invalid and unenforceable, is severable from the Contract."

The parties intended to create a condition precedent which had to be satisfied before the terms of the contract became effective. A severability clause cannot operate to effectuate a result which is contrary to the intent of the parties. Therefore, we hold the severability clause did not nullify the consent requirement.

Reversed and remanded to the district court with instructions to enter an order directing Appellee to take all actions necessary to have the rights to the special use permits transferred back to Appellant.

CARDINE, J., filed a dissenting opinion.

CARDINE, Justice, dissenting.

This contract is unambiguous when read as a whole. I find it clear from the language of the contract that the parties did not intend the Assignment in Trust provision to be a condition precedent, but instead a severable provision. I dissent and would uphold the decision of the district court.

Conditions precedent are not a favorite of the law and will not be read into a contract by implication. *Lewis v. Roper*, 579 P.2d 434, 439 (Wyo.1978). For that proposition in *Lewis*, we relied upon 17 Am.Jur.2d *Contracts* § 321 at 752 (1964) which states that "courts will not construe stipulations to be [conditions precedent] unless required to do so by plain, unambiguous language * * *." No such language exists here.

The contract did contain a section labeled "Condition Precedent." The Assignment in Trust provision was not contained in this section. The contract did not indicate that it would become void in the event the Assignment in Trust provision was unenforceable. *Cf. Cheyenne Dodge, Inc. v. Reynolds and Reynolds Co.*, 613 P.2d 1234 (Wyo.1980). Instead the contract provided for such possibility. The contract's severability provision stated:

"In the event any one or more of the provisions contained in this Agreement or in any other instrument referred to herein shall, for any reason, be held to be invalid, illegal, or unenforceable, such illegality, invalidity or unenforceability shall not affect any other provision of this Agreement."

This language is clear, unambiguous, and reflects the intention of the parties to perform the contract even if later events reveal that a part of the contract may not be enforceable.

The district court correctly ordered specific performance of the contract, and I would affirm.