**B–B COMPANY, a Wyoming corporation, and William D. White, Sr., Plaintiffs–Appellants,**

v.

**PIPER JAFFRAY & HOPWOOD, INCORPORATED, Defendant–Appellee.**

No. 90–8020.

United States Court of Appeals, Tenth Circuit.

April 29, 1991.

Submitted on the briefs: *

James R. McCarty, Casper, Wyo., and Floyd A. Rummel, Jr., Saratoga, Wyo., for plaintiffs-appellants.

J. Jackson and Elizabeth S. Wright of Dorsey & Whitney, Minneapolis, Minn., and Bruce A. Salzburg of Herschler, Freudenthal, Salzburg, Bonds & Rideout, Cheyenne, Wyo., for defendant-appellee.

Before BALDOCK, BRORBY, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

B–B Company, a Wyoming corporation, and William D. White, Sr., a major stockholder in B–B, brought suit in a state court in Wyoming against Piper Jaffray & Hopwood, Inc. (Piper Jaffray), a corporation licensed to do business in Wyoming though apparently not incorporated in Wyoming. B–B and White will hereinafter be referred to as simply B–B. The gist of the complaint was that Piper Jaffray breached a contract which it had with B–B to underwrite certain special improvement district bonds to be issued pursuant to arrangements between B–B and the Town of Saratoga, Wyoming. On motion, the case was removed to the United States District Court for the District of Wyoming. By answer, Piper Jaffray denied any breach.

After discovery, Piper Jaffray moved for summary judgment on the basis of depositions, affidavits and other evidentiary matter of record. B–B opposed this motion and submitted evidentiary matter of its own. After argument, the district court granted summary judgment in favor of Piper Jaffray and dismissed B–B's action. In so doing, the district court held that B–B had failed to meet an essential condition precedent. B–B appeals.

B–B's complaint merits closer examination. Under the heading, "Facts Common to All Counts," B–B alleged that on April

---

* Counsel have heretofore indicated that they did not desire oral argument. We agree that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

14, 1987, it had entered into a contract with the Saratoga Inn Company to purchase resort property located at Saratoga, Wyoming. In paragraph 4 of the complaint, B–B alleged that the purchase agreement provided that B–B would obtain funding for the purchase and development of the Saratoga Inn property "by arranging for industrial revenue bonds with the Town of Saratoga." B–B then went on to allege in paragraph 5 that in connection with the contemplated issuance of such bonds, it contacted Piper Jaffray, an underwriting firm, "to arrange for underwriting for the required bond issue." B–B alleged in paragraph 6 that Piper Jaffray "obligated itself to underwrite approximately Two million dollars ($2,000,000.00) in bonds for the Saratoga Inn project." B–B went on to allege in its complaint that it relied on this promise, that Piper Jaffray "eventually ... failed and refused to underwrite the bond issue," and that as a result thereof B–B lost all of its "investment of time, effort and money in the project and were forced to abandon the purchase agreement."

Based on the transaction described under the heading "Facts Common to All Counts," B–B alleged three causes of action. In Count One, B–B alleged a breach of contract action. In Count Two, B–B alleged that Piper Jaffray promised to underwrite the bonds, that B–B relied on such promise, and that Piper Jaffray failed to keep its promise to underwrite with resultant damage to B–B. Count Two is referred to by the district court and the parties as one based on equitable estoppel. In Count Three, B–B alleged that Piper Jaffray negligently promised to underwrite the bonds for the Saratoga Inn project and that B–B sustained damages as a result of such negligence.

Attached to the complaint were copies of four letters sent to B–B by Piper Jaffray's alleged agents. In essence these letters stated that Piper Jaffray "will underwrite $2,000,000 in Special Improvement District bonds for the project subject to mutually agreeable terms by the parties involved."

In granting summary judgment, the district court assumed that there was a con-tract between B–B and Piper Jaffray, notwithstanding Piper Jaffray's argument that a promise by Piper Jaffray to underwrite subject to terms to be worked out later by the parties failed for lack of essential terms. The contract which the district court assumed to exist between the parties was that Piper Jaffray would underwrite $2,000,000.00 in special improvement bonds to be issued by a special improvement district created by arrangements between B–B and the Town of Saratoga. In this regard, the district court was of the view that Piper Jaffray did not contract to underwrite "any other type of bond" than the special improvement district bonds. The district court then observed that B–B tried to get a special improvement district created, but failed to get approval from the Town of Saratoga, and that since no special improvement district was ever created, no special improvement bonds were ever issued. According to the district court, the issuance of special improvement district bonds was a condition precedent to Piper Jaffray's duty of "fulfillment of any underwriting contract."

Having thus concluded that Piper Jaffray's promise to underwrite was conditioned on B–B's ability to get special improvement bonds issued by a special improvement district, the district court held that B–B's second claim based on estoppel and third claim based on negligent promise would also fail since any reliance by B–B on Piper Jaffray's promise was not justified inasmuch as B–B had not itself satisfied the condition precedent.

A "contract" which calls for an underwriting of bonds, not yet issued, subject to "mutually agreeable terms" to be worked out later by the parties would seem to be a classic example of "no contract," since the parties at that point in time had not yet agreed on essential matters which would have to be agreed upon before there was a contract between the parties. *See e.g. Rialto Theatre, Inc. v. Commonwealth Theatres, Inc.,* 714 P.2d 328, 34–35 (Wyo. 1986). However, in this regard, counsel for B–B argues in this court that the deposition of Piper Jaffray's vice-president indicates that the language in the letters refer-

ring to mutually agreeable terms "pertained to conventional terms such as interest rates which would be the customary rate prevailing in the industry at the time of closing." Be that as it may, the district court did not grant summary judgment on the basis that there was no meeting of the minds on essential matters. The district court preferred to base its ruling on the failure of B–B to meet a condition precedent, as do we.

A fair reading of the complaint indicates that all three claims were based on the promise of Piper Jaffray to underwrite special improvement district bonds. Piper Jaffray indeed concedes that it made such a promise, subject, however, to terms to be later mutually agreed to by the parties. However, the fact of the matter is that no special improvement district bonds were issued, and hence there was nothing for Piper Jaffray to underwrite. In this court, B–B suggests that Piper Jaffray somehow interfered with B–B's efforts to create a special improvement district and further that Piper Jaffray initially did not require a letter of credit as security, but later demanded one.** Suffice it to say that neither of these matters is even hinted at in the complaint.

■ As indicated above, B–B in its complaint alleges *only* that Piper Jaffray promised to underwrite special improvement district bonds, and that it failed to live up to that promise. Clearly it appears that Piper Jaffray's promise to underwrite presupposed that a special improvement district would be established so that special improvement district bonds could be issued, otherwise there was nothing to underwrite. It is agreed that no special improvement district bonds ever issued. Such being the case, summary judgment for Piper Jaffray was warranted. Non-occurrence of a condition precedent discharges the other party's duty of performance. Restatement (Second) of Contracts § 275(1) and (2) (1981). A condition precedent is defined as

an act or event, other than a lapse of time, which must exist or occur before a duty of immediate performance of a promise arises. *Mad River Boat Trips, Inc. v. Jackson Hole Whitewater, Inc.*, 803 P.2d 366, 368 (Wyo.1990); *Robert W. Anderson Housewrecking and Excavating, Inc. v. Bd. of Trustees*, 681 P.2d 1326, 1331 (Wyo.1984).

■ In this court, B–B argues that Piper Jaffray's motion for summary judgment, with supporting material, was filed after a deadline set by the district court for the filing of motions. In this connection, B–B filed a motion to strike in the district court. The record before us, however, indicates that B–B withdrew its motion and filed an objection to Piper Jaffray's motion for summary judgment, which objection was itself accompanied by affidavits, depositions and other evidentiary matters. In such circumstances, the motion for summary judgment was properly before the district court.

Judgment affirmed.

---

** It would appear that when B–B was unable to persuade the Town of Saratoga to create a special improvement district which would issue non-taxable special improvement bonds, there was discussion between B–B and Piper Jaffray as to the latter's willingness to underwrite an issuance of taxable bonds, at which time Piper Jaffray indicated that a letter of credit or other security would be required.