HILL, Justice,
dissenting, with whom DAVIS, Justice, joins.
[¶25] I agree that the lease between the Mall and P & N is unambiguous, but because I interpret the lease differently from the majority opinion, I respectfully dissent.
The disputed lease provision reads:
Section 1.5 Landlord’s Contribution to Construction of Leased Premises. Of the costs incurred by Tenant in constructing or *1108 improving qualified long-term real property for use in Tenant’s trade or business at the Leased Premises (the “Leasehold Improvements”), Landlord agrees to pay to Tenant the lesser of (a) the actual cost of said construction of or improvements to said real property made in accordance with this Exhibit, or (b) the sum of One Hundred Fifty Thousand One Hundred Eighty and 00/100 Dollars ($150,180.00), less any sums owed to Landlord by Tenant under this Lease or this Exhibit, and the excess, if any, shall be paid by Tenant. Landlord’s obligations under the preceding sentence shall not bind any Mortgagee Party of the Shopping Center nor any party acquiring title through or under any such Mortgage Party. The sum to be paid by Landlord hereunder shall be paid by check to Tenant after all of the following conditions shall have been satisfied:
* * *
(b) Tenant shall have furnished evidence satisfactory to Landlord from its general contractor and any subcontractors that any and all liens that have been, or may be, filed have been satisfied of record or waived and an affidavit that all work has been paid for[.]
[¶26] I view this term as imposing two separate but related obligations on P & N, as Tenant. First, P & N is obligated to furnish evidence satisfactory to the Mall from its general contractor and any subcontractors that any and all liens that have been filed, or may be filed, have been satisfied of record or waived. Second, P & N is obligated to furnish an affidavit that all work has been paid for.
[¶27] With respect to the first obligation, I view this as an obligation to perform that is subject to a condition precedent. A condition precedent is “an act or event, other than a lapse of time, which must exist or occur before a duty of immediate performance of a promise arises.” Mad River Boat Trips, Inc. v. Jackson Hole Whitewater, Inc., 803 P.2d 366, 368 (Wyo.1990) (quoting Robert W. Anderson Housewrecking and Excavating, Inc. v. Board of Trustees, School District No. 25, Fremont County, Wyoming, 681 P.2d 1326, 1331 (Wyo.1984)). A condition precedent need not be labeled as such in a contract, and what is instead controlling is whether the contract language creates a contingency on which performance depends. Id. at 367-68 (finding Forest Service approval to be a condition precedent to defendant’s obligation to transfer special use permit to plaintiff even though Forest Service approval was not contained in section of contract labeled “Conditions Precedent”).
[¶28] In my view, P & N’s obligation to furnish evidence satisfactory to the Mall was conditioned on the requirement that at least one of two events occurred: 1) a lien was filed against the Mall’s property; or 2) a lien may be filed against the Mall’s property. It is undisputed that neither event occurred. No lien was filed against the Mali’s property in relation to P & N’s project, and because the time for any lien to be filed has expired, no lien may be filed. The condition precedent to P & N’s obligation to perform did not come to pass, and P & N was therefore under no obligation to provide evidence of any type concerning lien satisfaction or lien waivers.
[¶29] P & N’s second obligation is to furnish “an affidavit that all work has been paid for.” I do not agree that this provision should be read to refer back to both subcontractors and general contractors. The term requires that P & N furnish an affidavit. Because it is P & N that is to provide the affidavit, I believe a reasonable reading of the requirement is one that requires P & N to attest that it has performed its obligation to pay for all work. I do not agree the language may be extended to add a requirement that P & N attest that the general contractor has also performed all of its separate payment obligations.
[¶30] This interpretation is borne out by the requirement this provision imposes with regard to liens against the Mall’s property. With respect to liens that have been or may be filed, the provision requires that P & N furnish evidence that such liens have been either satisfied or waived. A Ken waiver suggests that there are amounts owing to the party that has agreed to waive its lien, which is inconsistent with the meaning the Mall asks this Court to give the phrase “all work has been paid for.” If “all work has been paid for” means, as the Mall contends, that the *1109 general contractor and all subcontractors are satisfied, there would be no occasion to need or require a lien waiver. The Mali’s willingness to accept a lien waiver rather than satisfaction of that lien simply cannot be reconciled with its insistence that “all work has been paid for” means P & N must attest not only that it has paid the amounts it was obligated to pay but also that there are no outstanding claims against the general contractor.
[¶31] The record of nonpayment to the subcontractors on this project is troubling. It is undisputed, however, that P & N paid CCI, the general contractor, for all the work done on the project. P & N did not breach its payment obligations under its contract with CCI, and P & N had no contracts with the subcontractors. Any breach resulting in underpayment of subcontractors was a breach of CCI’s separate contracts with the subcontractors, contracts to which P & N was not a party. I am unwilling to read section 1.5(b) of the lease to make P & N a guarantor under the separate contracts between CCI and the subcontractors. I believe the more reasonable interpretation to give section 1.5(b), and the one that avoids inconsistencies between its terms, is to interpret the requirement that P & N furnish an affidavit “that all work has been paid for” to mean P & N must attest that it, the affiant, has paid for all work it was obligated to pay for.
[¶32] My final observation relates to the opening paragraph of section 1.5. In that paragraph, the Mall promises to P & N a payment of $150,180.00, upon satisfaction of the enumerated conditions. That opening paragraph also put P & N on notice, however, that the Mall would decrease that amount by any outstanding sums owed to the Mall by P & N under the terms of the lease. It seems to me that the Mall could have added similar language regarding outstanding amounts owing to subcontractors, if its intent was to ensure not only that P & N met its payment obligations, but that all subcontractors were paid in full. This certainly would have been a more transparent imposition of that payment obligation.